IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL LIABILITY<br>INSURANCE SERVICES, INC. | § § § | |
| v. | § | A-15-CV-958-SS |
| U.S. RISK, INC. and CRYSTAL JACOBS | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion and Affidavit for Attorney's Fees and Costs (Dkt. No. 131), Defendants' Response (Dkt. No. 140), and Plaintiff's Reply (Dkt. No. 144); and Defendants' Motion for Attorney's Fees (Dkt. No. 133), and Plaintiff's Response (Dkt. No. 135). The district judge referred these Motions to the undersigned Magistrate Judge for report and recommendation.

**I. GENERAL BACKGROUND**

Professional Liability Insurance Services, Inc. (PLIS) brought this suit against U.S. Risk, Inc. and Crystal Jacobs (collectively U.S. Risk) for federal trademark infringement and unfair competition, common law trademark infringement and unfair competition, Texas statutory trademark dilution, breach of contract, and tortious interference with contract. After nearly two years of litigation and shortly before the case was set to go to trial, the parties reached a settlement on all claims. The parties moved to cancel the trial setting, which was granted, but have not yet moved to dismiss the lawsuit.

**II. ANALYSIS**

PLIS seeks attorney's fees as the prevailing party for its claims under the Lanham Act and for breach of contract. U.S. Risk objects to this request arguing that because the parties reached a

private settlement, neither party is the prevailing party entitled to attorney's fees. Alternatively, U.S. Risk contends that PLIS has not met the requirements to recover attorney's fees under either of its claims. In turn, U.S. Risk seeks attorney's fees from PLIS as sanctions for PLIS's alleged bad faith conduct during the litigation.

**A.     PLIS's Motion for Attorney's Fees**

PLIS and U.S. Risk reached a confidential settlement, informed the Court of this fact, and requested that the Court cancel the trial setting. In the agreement, the parties agreed to submit "whether either Party is entitled to attorney's fees" to the Court, and further agreed that the parties would move to dismiss the case after the attorney's fees issue had been resolved. Dkt. No. 126 at 6. PLIS thereafter filed the present motion seeking its fees as the prevailing party. U.S. Risk, however, contends that the settlement agreement does not provide the judicial *imprimatur* necessary to confer prevailing party status on PLIS, and that neither party is entitled to attorney's fees.

"[P]arties are ordinarily required to bear their own attorneys' fees and the winner is not entitled to collect from the loser, absent explicit statutory authority." *Salazar v. Maimon*, 750 F.3d 514, 521 (5th Cir. 2014) (citing *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)). Here, PLIS has requested attorney's fees as the prevailing party under two statutes: (1) TEX. CIV. PRACTICE & REM. CODE § 38.001 (for breach of contract); and (2) the Lanham Act, 15 U.S.C. § 1117(a), for its trademark claims. The Supreme Court has held that a prevailing party is "one who has been awarded some relief by a court." *Salazar*, 750 F.3d at 521 (quoting *Buckhannon*, 532 U.S. at 604). Thus, to be awarded attorney's fees, the party must "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Id.* (quoting *Walker*

*v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002) (internal quotations omitted) (emphasis omitted). "Actual relief" as used in *Salazar* includes not only a judgment on the merits, but also "settlement agreements enforced through a consent decree." *Id.* On the other hand, "private settlements that do not entail the judicial approval and oversight involved in consent decrees" will not have the requisite "judicial *imprimatur*" to entitle a party to attorney's fees. *Id.*

PLIS contends that the settlement agreement in this case is sufficient to confer prevailing party status, due to the parties' agreement to submit attorney's fees to the Court. Dkt. No. 144 at 1. However, in *Salazar*—on which both parties rely—the "district court entered a settlement order memorializing the terms of their agreement." *Salazar*, 750 F.3d at 516. It was this settlement order that then conferred the judicial *imprimatur* necessary to award attorney's fees, because in the settlement agreement in that case, "the parties chose to invoke the injunctive powers of a federal court." *Id.* at 521–22. *Salazar*'s "consent decree [did] more than merely validate a compromise between the parties"—it was "a judicial act." *Id.* (internal quotations omitted). Nothing of that sort occurred here. Instead, the parties simply agreed to submit the attorney's fees question to the Court for resolution. The Court has not issued a consent decree or settlement order memorializing the terms of the agreement. In fact, there has been no final judicial action at all.[1] Moreover, the Settlement Agreement merely states that "the Parties will dismiss the lawsuit with prejudice" following the Court's resolution of the attorney's fees issue. Dkt. No. 126 at 6. Nothing in this agreement indicates any intent for the Court to retain jurisdiction to enforce the agreement, or to

---

[1] The parties have yet to move for dismissal of the case, which further compromises PLIS's argument. Perhaps recognizing this, PLIS now asks the Court to enter a consent decree. Dkt. No. 144 at 2 ("Accordingly, Plaintiff asks the Court to enter the order . . . which incorporates the settlement agreement into a consent decree, retaining jurisdiction over the enforcement of the settlement. . . ."). Yet this sort of relief was not agreed to in the Settlement Agreement, and U.S. Risk clearly does *not* agree to it. *See* Dkt. No. 140 at 3.

otherwise enter an order that includes any of the terms of the Settlement Agreement. In fact, the agreement states the very opposite:

> This Settlement Agreement is not and shall not in any way be construed as an admission of liability by any Party for any wrongful or unlawful acts. This Settlement Agreement is the compromise of disputed claims and will be entered into to avoid the time and expense of contested litigation. This Settlement Agreement will not and does not constitute a finding on the merits of any of the Parties' allegations. No judge or jury has made a determination as to any of the Parties' claims or defenses.

*Id.* Thus, the settlement agreement is plainly insufficient to meet the judicial *imprimatur* required by the case law to establish either PLIS or U.S. Risk as the "prevailing party."

PLIS further argues that it is "unreasonable" for U.S. Risk to now challenge whether the Settlement Agreement conferred prevailing party status, as it had previously agreed to submit the question of attorney's fees to the Court. In the Agreement, the parties agreed "to submit the issue of *whether* either Party is entitled to attorney's fees to the sound discretion of the Court . . . in which this dispute is pending." *Id.* (emphasis added). PLIS argues that by challenging PLIS's standing to even request fees, U.S. Risk is breaching its obligation under the settlement agreement to "reasonably cooperate in court filings and to take other necessary actions to effectuate the purposes" of the attorney's fees clause. Dkt. No. 144 at 2 (quoting ¶ 12.b of Settlement Agreement, which is redacted from Dkt. No. 126). This is a specious argument. The Settlement Agreement does not state that the parties *agree* that the Court will award attorney's fees, and the parties plainly reserved the right to object to an award of fees to their opponent. In fact, the agreement specifically states that "[t]he Parties agree and understand that the Court may deny either party or both parties any request for attorney's fees." Dkt. No. 126 at 6. Thus, U.S. Risk was well within its rights to assert that PLIS was not a prevailing party. Because PLIS has not established that it was the prevailing party—the threshold requirement to recover attorneys fees under either the Texas Civil Practice and Remedies

Code or the Lanham Act—the Court need not address the other elements of recovering fees under those statutes.

**B.     U.S. Risk's Motion for Attorney's Fees/Sanctions**

U.S. Risk also filed a motion seeking attorney's fees. In this motion, U.S. Risk does not assert that it is entitled to attorney's fees as the prevailing party in the litigation, but rather asks this Court to impose sanctions on PLIS for its alleged bad-faith conduct in this case. It is well settled that a court has the inherent power to issue sanctions, such as attorney's fees, "for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). However, the Supreme Court has stated that "because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. Courts have therefore recognized that "the threshold for the use of inherent power sanctions is high," and there must be "bad faith" before the court may use its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

U.S. Risk argues that PLIS "never had a legally supportable case" and that it should therefore be sanctioned for pursuing this litigation. In its motion, U.S. Risk contends that PLIS pursued claims for which it had no evidence and which were not supported by the law, and that it also put forth a flawed expert report. The Court need not specifically address each of U.S. Risk's points of contention, but can instead address its complaints on a more general level. For example, the mere fact that several of PLIS's claims were dropped when, after discovery, PLIS determined it did not wish to pursue them, is not evidence that PLIS acted in bad faith in bringing the claims in the first place. Additionally, the argument that PLIS had no evidence to support its claims was rejected by Judge Sparks when he overruled the parties' motions for summary judgment. Dkt. No. 113 at 2. Similarly, U.S. Risk points to the expert that PLIS intended to call at trial in support of its motion,

5

arguing that her analysis was flawed. However, the Court did not grant U.S. Risk's motion to exclude this expert, noting instead that the parties could present their objections at trial. *Id.*

Here, the parties reached a settlement on all of their claims in order to avoid the expenses of a trial. It is inconsistent with the settlement for U.S. Risk to ask the Court to find that PLIS's claims were frivolous, and pursued in bad faith, at the same time it is arguing that PLIS is not entitled to fees because the Court never reached the merits of PLIS's claims.² The parties agreed to resolve this case through a Settlement Agreement. Having the Court delve into the merits of the claims and defenses of the parties after they reached a settlement would defeat the very purpose of the agreement, and would eliminate any benefit to the Court from a settlement. Accordingly, the undersigned recommends that U.S. Risk's Motion for Attorney's Fees be denied as well.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion and Affidavit for Attorney's Fees and Costs (Dkt. No. 131) and Defendants' Motion for Attorney's Fees (Dkt. No. 133). The Court **FURTHER RECOMMENDS** that, consistent with ¶ 10 of the parties' Settlement Agreement, the Court order the parties to promptly move to dismiss this lawsuit with prejudice.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

---

²Interestingly, PLIS sought attorney's fees under the Lanham Act, which requires a showing that the non-moving party acted *un*reasonably. *See* 15 U.S.C. § 1117(a).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 14th day of May, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE